# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Prejean et al                                        Civil Action No. 6:17-cv-01170

versus                                               Judge Terry A. Doughty

Satellite Country Inc                    Magistrate Judge Carol B. Whitehurst

### ORDER

Before the Court is Plaintiffs' Motion For Conditional Certification As A Collective Action and Notice To Potential Class Members, filed by Plaintiff, Christopher Prejean, on behalf of himself and others similarly situated [Rec. Doc. 22], Defendant, Satellite Country, Inc.'s ("Satellite Country") Opposition [Rec. Doc. 25] and Plaintiffs' Reply thereto [Rec. Doc. 27]. For the following reasons,  Plaintiffs' Motion for Conditional Certification will be granted.

*I. Background*

This case involves claims arising under the Fair Labor Standards Act ("FLSA"). Plaintiff states he was hired by Satellite Country, an authorized contractor for Dish TV, and worked as "a satellite technician and/or installation and repair technician." *R. 22-3* Plaintiff alleges that Satellite Country failed to pay him and other satellite technicians overtime as required by the FLSA. Plaintiff contends the Putative Class Members consist of Satellite Technicians employed by Satellite Country. He further contends that he, as well as all putative plaintiffs, had similar job requirements while employed by Satellite Country:

> driving to Satellite Country's warehouse every morning to pick up the
> supplies and equipment he will require for the day as well as a list (or route)

of customers he will service that day; driving to customers' homes/businesses to install and/or repair equipment; calling customers to confirm appointments; attending meetings with Satellite Country supervisors; submitting paperwork/electronic notification of completed jobs at the end of each day; and returning to Satellite Country's offices at the end of the day, when necessary.

*R. 22-2, p. 9.*

Plaintiff further states that Satellite Country pays their technicians based upon a "point" system. Specifically, "Satellite Country assigns a numerical point for each job completed by one of its satellite technicians. Each technician is paid based upon the total number of points obtained, without taking into consideration the actual time it took for the technician to complete the job." Plaintiff contends that Satellite Country "did not pay Prejean or the other technicians for all hours worked," has "actual and constructive knowledge of this off-the-clock work," and therefore, "has made the conscious election not to pay their technicians for this work." *Id.*

Plaintiff contends that he and the other satellite technicians are similarly situated in that Satellite Country's wage policies are the same and apply to all satellite technicians as follows: (1) the first thing they have to do every morning is to drive to Satellite Country's warehouse to pick up the supplies and equipment they will require for the day as well as a list (or route) of customers they will service that day—without compensation for this time spent; (2) they are subject to deductions from their wages for customer chargebacks, which often cause them to earn less than the statutory minimum wage; and, (3) they are improperly treated as independent contractors, and as such, are not paid overtime wages for hours worked in excess of 40 in a work week.

Plaintiff moves to conditionally certify a collective action under 29 U.S.C. § 216(b) of the FLSA, and that judicially-approved notice be sent by first class mail, e-mail and text message to all individuals who were classified as satellite technicians by Satellite Country at any time during the past three years. If granted conditional certification under 29 U.S.C. § 216(b), Plaintiff requests that Satellite Country be required to produce in Excel format the names of all potential collective action members, along with their last known mailing address, e-mail address, telephone number and social security numbers, and dates of employment. Plaintiff further requests posting of the Notice of this action along with the consent forms in conspicuous locations at all of Satellite Country's locations. Finally, Plaintiff moves the Court for an order prohibiting retaliation by Satellite Country or its managers against individuals who opt-in to this lawsuit.

Satellite Country denies Plaintiff's allegations and opposes collective action certification under 29 U.S.C. § 216(b). Its primary position is that Plaintiff "performed various functions on behalf of Satellite Country including satellite installation and repair services," but Plaintiff also performed "handy man work" on behalf of "I Can Do It" Handyman Services, LLC for Satellite Country. Defendant contends that Satellite Country paid Plaintiff for his handy man work based upon his own bids. *R. 25, p. 2.* Satellite Country contends that these "side jobs" which Plaintiff voluntarily undertook as a contractor are outside the scope of his FLSA claims and there is not a putative class of individuals who are "similarly situated" for purposes of maintaining a collective action. Satellite Country further contends that Plaintiff's declaration that he "worked at least sixty

(60) hours almost every week and often put in seventy (70) hour weeks", *R. 22-3, No. 9,* is unclear as to whether these hours include his work as a satellite technician only or also include his "side jobs." Satellite Country argues that Plaintiff cannot be a proper representative for putative plaintiffs who performed only in the role as a contract satellite technician, without the "side jobs." *Id.*

Thus, the issues raised by the pending motion are whether a collective action is properly certified and, if so, how the class should be defined and whether notice should issue.

## II. Law and Analysis

### A. Legal Standard

The FLSA sets a general minimum wage for employees engaged in commerce. 29 U.S.C. § 206(a)(1). Section 207(a) requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

The FLSA affords workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *In re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 1649501, at *5 (E.D.La.,2009). Courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663, 667–68, 2007 WL 1628853, at *2 (5th Cir.2007) (citing *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). Notice must be "timely, accurate and informative." *Hoffmann–La Roche*, 493 U.S. at 172.

Courts recognize two methods to determine when making the "similarly situated" inquiry and determining whether notice should be given. These methods are the two-step *Lusardi* approach and the class-action based *Shushan* approach. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D.Colo.1990). In *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)), the Fifth Circuit found it unnecessary to determine which method is most appropriate. *Id.* However, the prevailing method seems to be the "two-step" approach. *See, e.g., Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435 (E.D.La.2010) (Vance, J); *Lachapelle v. Owens-Illinois, Inc.*,

513 F.2d 286, 288 (5th Cir.1975) (finding a "fundamental" difference between Rule 23

class actions and FLSA collective actions). Based on the foregoing, the undersigned finds

that the "two-step" method is the preferred method in the Fifth Circuit for the analysis and

will be used by this Court.

> The Fifth Circuit described the "two stage" *Lusardi* approach in detail:
>
> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleading and any affidavits which have been submitted whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims....

*Mooney*, 54 F.3d at 1213–14. As this case is presently at the "notice stage," the Court must

make a decision whether conditional certification should be granted and whether notice of

the action and right to opt-in should be given to potential class members.

"At the notice stage, the plaintiff bears the burden of making a preliminary factual

showing that at least a few similarly situated individuals exist. The plaintiff may satisfy his

or her burden through submission of evidence in the form of pleadings, affidavits and other supporting documentation." *Lima v. International Catastrophe Solutions, Inc*., 493 F.Supp.2d 793, 798 (E.D.La.,2007). "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Mooney*, 54 F.3d at 1214 n. 8. "'Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class where potential class members receive notice and the opportunity to opt-in." *Melson v. Directech Southwest, Inc*., 2008 WL 2598988, at *3 (E.D.La.,2008)(quoting *Mooney*, 54 F.3d at 1214). The lenient standard requires only substantial allegations that potential members "were together the victims of a single decision, policy, or plan . . ." Mooney at n. 8.

*B. Conditional Certification*

In this case, Plaintiff asserts that certification is appropriate because a putative class of "satellite technicians" are similarly situated in terms of their employment services, duties, and compensation and that they are/were paid according to the same compensation plan, which is that the technicians: (1) were paid by Satellite Country on a per-job basis; (2) were assigned the same "point" amount regardless of the number of hours it took to complete the job, and regardless of how much time was spent picking up equipment and/or traveling to and from the job; and, (3) were not paid time and a half for overtime hours worked. *R. 22-3, Nos 7-8.* In particular, Plaintiff states that technicians often were fined

and received deductions from their checks by the companies as a result of alleged failed quality check inspections; Satellite Country's clients' equipment failures; customer service calls by the customer previously serviced by the technician; arriving late to a service call, and equipment that wasn't properly documented by management. *Id. at No. 11.*

Plaintiff further states that he worked at least sixty hours most weeks and "was never paid time and a half hours for hours over forty (40) hours worked in a week or under any other calculation of pay period as required under Federal law." *Id. at Nos. 8-9.* Finally, Plaintiff states he is "personally aware of other similarly situated employees and former employees of Satellite Country who have been improperly compensated in violation of the FLSA: "Jay Scott, Linden Comeaux, Eric Alexander, and Scott Galliano." *Id. at No. 13.* In addition to his own Declaration, Plaintiff attaches the Declarations of Scott and Alexander who state that they confirm and agree with Plaintiff's statements regarding the treatment, control and pay structure Satellite Country implemented as to technicians. *R. 27-5.* They further confirm that technicians routinely worked over 40 hours in one week and were not paid overtime.

Referencing Plaintiff's alleged "handy man" work, Satellite Country argues that in order "[t]o properly oppose Plaintiffs' motion" it needs "specific, limited discovery on certification issues." *R. 25, p. 4.* Satellite Country proposes that the Court defer ruling on the instant motion and order Plaintiff to produce discovery so that it can be made aware of Plaintiff's theory of recovery and his belief that he is qualified to represent a collective action. *Id.* Contrary to Satellite Country's suggestion that the Court should order Plaintiff

to produce more evidence than has been presented in Plaintiff's motion for conditional certification, courts at the notice stage typically base their decision "only on the pleadings and any affidavits which have been submitted." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Here, Plaintiff's Declaration and his Complaint clearly provide that Plaintiff's class action is based solely on his work for Satellite Country as a "Cable Technician," *R. 1, ¶ 17*, and make no mention of his work as a handy man asserted by Defendant. Plaintiff's Declarations of other employees further support Plaintiff's motion.

As cited by Plaintiff, in *Gremillion v. Cox Communications Louisiana*, 2017 WL 2688217, at *4 (E.D.La., 2017) the court considered a similar argument and stated:

> The Court must reject Grayco's argument that Gremillion's failure to include affidavits of other employees is fatal to his motion for conditional certification as a collective action. As noted, the cases cited by Grayco turn on the more critical factor of whether the plaintiff has alleged a common policy. Here, Gremillion has satisfied this threshold by declaring that he and other technicians are paid on a point system that does not account for the hours actually worked. This is a common policy that affects all technicians covered by it. Their work necessarily requires them to pick up equipment and travel between customers, so payment on a point system that does not account for hours worked necessarily affects them all with the possibility that they will not have earned minimum wage or will have worked more than 40 hours without compensation for such time at one-and-a-half times the normal pay. At this stage, Gremillion's declaration is enough.

*Id*. at *4.

The only issue before the Court is whether Plaintiff has satisfied the lenient standard necessary for notice to be provided to all putative class members under *Lusardi*. Plaintiff's declaration provides the Court a reasonable assurance that class members were

subject to common employment policies and, thus, share an employment status for FLSA purposes. The Court finds that at this time Plaintiff has satisfied his lenient burden and has demonstrated "a reasonable basis for the allegation that a class of similarly situated persons may exist." *Lima*, 493 F.Supp.2d at 798. Thus, Plaintiff has provided enough evidentiary support for his allegations to justify the issuance of notice to members of the putative class.

Satellite Country requests that the Court give the parties a brief amount of time to negotiate a suitable notice and to submit any differences on the notice to the Court. Section 216(b) imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g., Banegas v. Calmar Corp.,* 2015 WL 4730734, at *6; *Perkins v. Manson Gulf, L.L.C.*, 2015 WL 771531, at *5 (E.D.La.,2015). Accordingly, the parties are directed to meet and confer regarding the proposed notice and attempt to resolve any disputes in good faith as ordered below.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff, Christopher Prejean's Motion to Conditionally Certify FLSA Collective Action and to Facilitate Notice Pursuant To 29 U.S.C. § 216(b) is **GRANTED** as set forth in this Order, and the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S .C. § 216(b).

**IT IS FURTHER ORDERED** that Defendant, Satellite Country, Inc., shall have until May 4, 2018, to provide Plaintiff with a computer-readable database that includes the names of all potential members of the FLSA Collective Class, along with their current or last known mailing address, email address and telephone number.

**IT IS FURTHER ORDERED** that the parties meet, confer, and thereafter submit to the Court a joint proposal of notice by May 11, 2018. If the parties are unable to agree on the proposed notice, the parties shall file the appropriate motion(s) with their objections no later than May 17, 2018.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 17th day of April, 2018.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**