# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER PREJEAN,** on behalf of Himself and Other Persons Similarly Situated | **CIVIL ACTION NO. 17-1170** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SATELLITE COUNTRY, INC., LYNN JENKINS & PAMELA MCCUE** | **MAG. JUDGE WHITEHURST** |

## RULING

Pending before the Court is a Motion to Dismiss Claims of 1099 Opt-Ins Based Upon Prescription of the Statute of Limitations [Doc. No. 121] filed by Defendants. Plaintiffs filed a Memorandum in Opposition to the motion [Doc. No. 131]. Defendants filed a reply. [Doc. No. 142].

For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

### I. RELEVANT FACTS

On September 14, 2017, Christopher Prejean, on behalf of himself and all others similarly situated, filed a Collective Action Complaint against the Defendants, Satellite Country, Inc., Pamela McCue, and Lynn Jenkins, alleging violations of provisions of the Fair Labor Standards Act (hereinafter "FLSA") for alleged failure to pay overtime wages. On April 17, 2018, this Court conditionally certified this matter as a Collective Action, and approximately fifty-five (55) Plaintiffs have joined the litigation.

## II. LAW AND ANALYSIS

### A. Standard of Review

Although Defendants style their motion as "to dismiss," it is actually a motion for summary judgment which requires the Court to consider documents outside the pleadings. *See* FED. R. CIV. P. 12(d).

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. FLSA

Plaintiffs seek damages for unpaid compensation under the FLSA. Defendants move the Court to determine as a matter of law to address two issues: (1) that the claims of five purported Plaintiffs who performed work more than three years ago are time-barred and (2) that claims of seventeen other Plaintiffs who performed work more than two years ago are also time-barred

unless Plaintiffs prove at trial that Defendants' violations of the FLSA were willful.

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). A two-year statute of limitations applies to claims under the statute unless Defendants' violations are determined to be willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). The Supreme Court has explained the "standard of willfulness" necessary for the three-year statute of limitations to apply. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). A plaintiff bears the burden of proving a willful violation of the statute. *Id.* at 135. Plaintiffs must establish that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133; *see also Singer v. City of Waco*, 324 F.3d 813, 821 (5th Cir. 2003) (same). Whether the two-year or three-year statute of limitations is applicable, the claim does not "commence" for an opt-in plaintiff in a collective action until the individual files with the court a written consent to join the collective action. 29 U.S.C. § 256(b); *see also Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5(5th Cir. 1983) (Section 256 requires collective action plaintiffs "to opt in, and limitations runs from the opt-in date. We cannot alter the express terms of the statute.").

1. **Plaintiffs Outside the Three-Year Statute of Limitations**

First, Defendants move the Court to dismiss the claims of five (5) Plaintiffs who have not performed work through Satellite Country for more than three years prior to signing of a written consent to join this lawsuit. Specifically, Defendants present evidence regarding these

4

Plaintiffs:

1. Anden Davenport opted into this collective action on July 9, 2018, and has not performed any satellite technician work orders through Satellite Country since July 5, 2015.

2. Seth Brashear opted into this collective action on May 30, 2018, and has not performed any satellite technician work orders through Satellite Country since May 17, 2015.

3. Fernando Sampson opted into this collective action on July 23, 2018, and has not performed any satellite technician work orders through Satellite Country since July 10, 2015.

4. Chad Blanchard opted into this collective action on July 20, 2018, and has not performed any satellite technician work orders through Satellite Country ever.

5. Adam St. Romain allegedly opted into this collective action on June 27, 2018, and has not performed any satellite technician work orders through Satellite Country since May 8, 2015.

[Doc. Nos. 121-1; 121-3, Declaration of Deborah Fivel].

Plaintiffs respond that the declaration of Deborah Fivel ("Fivel") is "self-serving," that she was not previously identified as a witness, and Defendants failed to support their motion with the underlying documents Fivel reviewed.

In their reply, Defendants point out that Plaintiffs have been provided with the dates of opt-in Plaintiffs who performed work for Satellite Country, they have received exit forms "memorializing the termination of the contract between Satellite Country and their client," and they have been provided contractor payment records. [Doc. No. 142, p. 1]. Additionally, Defendants provided the summary of dates each Plaintiff worked and copies of the exit forms for all but one of the identified Plaintiffs, Chad Blanchard, because he never performed work for Satellite Country. [Doc. No. 142, Exhs. A-E].

5

While Plaintiffs object to the "self-serving" nature of Fivel's affidavit, they have offered no evidence that she is unqualified to provide the declaration or that the dates and information provided are incorrect. Having reviewed the undisputed evidence in this case, the Court finds that Defendants have established that the five (5) identified opt-in Plaintiffs have not performed work for Satellite Country within three (3) years prior to the date they provided written consent to join this lawsuit, and, therefore, their claims are untimely. Accordingly, Defendants' motion is GRANTED, and the claims of opt-in Plaintiffs Anden Davenport, Seth Brashear, Fernando Sampson, Chad Blanchard, and Adam St. Romain are DISMISSED WITH PREJUDICE.

**2. Opt-in Plaintiffs if There is a Willfulness Finding**

Defendants also move for a preliminary ruling against seventeen (17) other opt-in Plaintiffs who last performed work more than two years prior to signing a written consent, but within three years prior to signing a written consent. They argue that the Court should rule, as a matter of law, that these Plaintiffs are only permitted to recover if it is proven at trial that Defendants acted willfully, as defined by the FLSA.

Plaintiffs respond that any such ruling is premature at this time. Additionally, Plaintiffs point to evidence that they contend support a finding of willfulness on the part of Defendants. In particular, they point to a 2009 Department of Labor ("DOL") investigation and to deposition testimony of Defendant Lynn Jenkins, which they contend is inconsistent with the DOL findings.

First, Defendants do not seek summary judgment on the issue of willfulness. That issue is reserved for trial. Thus, to the extent that Plaintiffs contend that they have raised a genuine issue of material fact for trial that Defendants acted willfully, there is no dispute.

However, Defendants do move the Court for a preliminary determination. The relief sought by Defendants is not entirely clear, and it appears from the title of the motion that Defendants seek "dismissal" of the claims of seventeen (17) opt-in Plaintiffs whose written consent was filed more than two years but less than three years since they last performed work for Satellite Country. To this extent, Defendants' motion is DENIED. Other than the five (5) Plaintiffs whose claims have been dismissed, the Court finds that the remaining opt-in Plaintiffs may proceed to trial.

On review of the substantive arguments and evidence, Defendants actually move the Court for a preliminary determination that there is no genuine issue of material fact for trial that the seventeen (17) opt-in Plaintiffs identified by Defendants have not performed work for Satellite Country within two years prior to their filing of written consents with the Court. To that extent, the Court finds that they are entitled to relief. Defendants presented evidence through the Fivel Declaration, [Doc. No. 121-3], and supporting documentation [Doc. Nos. 142-1] that the following seventeen (17) Plaintiffs had not worked work for Satellite Country more than two years but less than three years before they filed their written consent to join the collective action:

1. Charles Bailey opted into this collective action on May 28, 2018, and has not performed any satellite technician work orders through Satellite Country since March 2, 2016.

2. Sonya Chapman opted into this collective action on May 30, 2018, and has not performed any satellite technician work orders through Satellite Country since June 20, 2015.

3. Joseph Hensley, IV, opted into this collective action on May 30, 2018, and has not performed any satellite technician work orders through Satellite Country since November 17, 2015.

4. Jackson Lucius opted into this collective action on June 4, 2018, and has not

performed any satellite technician work orders through Satellite Country since October 25, 2015.

5. Drew Brown opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since November 6, 2015.

6. Brian Arnold opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since March 20, 2016.

7. Wendell Jordan opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since January 26, 2016.

8. Jeremy Gradney opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since June 20, 2015.

9. Garfield Wright opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since February 18, 2016.

10. Todd Savoy opted into this collective action on June 4, 2018, and has not performed any satellite technician work orders through Satellite Country since July 1, 2015.

11. Danniel Gan opted into this collective action on July 9, 2018, and has not performed any satellite technician work orders through Satellite Country since April 1, 2016.

12. Samuel Greene opted into this collective action on July 9, 2018, and has not performed any satellite technician work orders through Satellite Country since April 18, 2016.

13. J. Norris Carter opted into this collective action on July 16, 2018, and has not performed any satellite technician work orders through Satellite Country since February 8, 2016.

14. Bryan Fisher opted into this collective action on July 16, 2018, and has not performed any satellite technician work orders through Satellite Country since March 10, 2016.

15. Morgan Ross opted into this collective action on July 16, 2018, and has not performed any satellite technician work orders through Satellite Country since December 26, 2015.

16. Tevin Doucette opted into this collective action on July 23, 2018, and has not performed any satellite technician work orders through Satellite Country since April 28, 2016.

17. Martin Salavec opted into this collective action on July 23, 2018, and has not performed any satellite technician work orders through Satellite Country since December 26, 2015.

[Doc. Nos. 121-1; 121-3, Fivel Declaration; 142-1].

While Plaintiffs offered a blanket denial of Defendants' statement of undisputed facts, they have failed to raise a genuine issue of material fact for trial that these seventeen (17) opt-in Plaintiffs performed work within the two years prior to their filing a written consent with the Court. Blanket denials and calling a declaration "self-serving" are insufficient to contest the evidence. A declaration always "serves" the party by whom it is offered; the question is whether it also provides the Court with evidence upon which it may properly rely. The declaration in this case identifies Fivel as the Manager of Administrative Operations for Satellite Country, provides that she has been employed with the company since January 2010, provides that she is familiar with the record keeping and administration in her position, and provides that she reviewed company documents kept in the regular course of business. Thus, the Court may properly rely on Fivel's declaration and the documents she cites.

In response, Plaintiffs denied the facts were undisputed, but failed to present any documents, affidavits, declarations, deposition testimony, or other evidence to actually dispute Defendants' evidence. Accordingly, Defendants are entitled to a determination that opt-in Plaintiffs Charles Bailey, Sonya Chapman, Joseph Hensley, IV, Jackson Lucius, Drew Brown, Brian Arnold, Wendell Jordan, Jeremy Gradney, Garfield Wright, Todd Savoy, Danniel Gan, Samuel Greene, J. Norris Carter, Bryan Fisher, Morgan Ross, Tevin Doucette, and Martin

Salavec did not perform any work for Satellite Country within two years of the date their written consents were filed with the Court. Therefore, they may only recover damages in this matter if Defendants are determined to have committed willful violations of the FLSA.[1]

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Claims of 1099 Opt-Ins Based Upon Prescription of the Statute of Limitations [Doc. No. 121], which was construed by the Court as a motion for summary judgment, is GRANTED IN PART and DENIED IN PART. To the extent that Defendants move for summary judgment on the claims of opt-in Plaintiffs Anden Davenport, Seth Brashear, Fernando Sampson, Chad Blanchard, and Adam St. Romain, the motion is GRANTED, and the claims of those Plaintiffs are DISMISSED WITH PREJUDICE. To the extent that Defendants move for a determination on summary judgment that opt-in Plaintiffs Charles Bailey, Sonya Chapman, Joseph Hensley, IV, Jackson Lucius, Drew Brown, Brian Arnold, Wendell Jordan, Jeremy Gradney, Garfield Wright, Todd Savoy, Danniel Gan, Samuel Greene, J. Norris Carter, Bryan Fisher, Morgan Ross, Tevin Doucette, and Martin Salavec did not perform any work for Satellite Country within two years of the date their written consents were filed with the Court, the motion is GRANTED. At trial, they may recover damages only if Defendants are determined to have committed willful violations of the FLSA. The motion is otherwise DENIED.

MONROE, LOUISIANA this 2ND day of October, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] At trial, if the jury determines that Defendants did not willfully violate the FLSA, then the Court will dismiss the claims of these opt-in Plaintiffs.