# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER PREJEAN,** on behalf of Himself and Other Persons Similarly Situated | **CIVIL ACTION NO. 17-1170** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SATELLITE, INC., LYNN JENKINS & PAMELA MCCUE** | **MAG. JUDGE WHITEHURST** |

## RULING

On September 14, 2017, Christopher Prejean ("Prejean"), on behalf of himself and all others similarly situated, filed a Collective Action Complaint against Defendants Satellite, Inc. ("Satellite"), Lynn Jenkins ("Jenkins"), and Pamela McCue ("McCue"). McCue has since been dismissed from this litigation.

Prejean alleges that Defendants are liable for violations of provisions of the Fair Labor Standards Act (hereinafter "FLSA") for failure to pay overtime wages to satellite technicians who were treated as subcontractors by Satellite. Pending before the Court is a "Motion for Summary Judgment Due to Plaintiffs['] Failure to Provide Competent Evidence of Their Damages or Show Defendants[] Had Knowledge of Their Alleged Unpaid Work; Alternatively, Plaintiffs Cannot Show Willful Violation of the [FLSA]" [Doc. No. 161]. Prejean opposes the motion. [Doc. No. 173].

For the following reasons, the Motion for Summary Judgment is DENIED.

### I.      RELEVANT FACTS

Satellite is a Texas corporation which has been in business for approximately twenty years

and provides sales and fulfillment work for third party entities. While its headquarters and administrative offices are in Austin, Texas, it provides fulfillment work in limited markets, primarily the Lafayette, Baton Rouge, and Alexandria, Louisiana areas (known as "HUB installation locations"). Most of its work over the years has been provided on behalf of Dish Network Corporation ("DISH"), a home televisions services provider based in Colorado. DISH provides the direct-broadcast satellite provider DISH and the IPTV service Sling TV.

Jenkins is the founder and CEO of Satellite and remains active with the company.

Satellite employs forty-nine persons as employees who receive W-2s from the company. These employees handle sales, advertising, fulfillment, administration, and management. During the collective period, however, Satellite contracted with satellite technicians to perform fulfillment work. Currently, Satellite has only twelve subcontractor technicians to perform the fulfillment services. It also has some technicians now who are employed to perform fulfillment work.

Prejean and the other representative plaintiffs in this case were hired as satellite technicians and treated as contractors, not employees. Once the base rate of pay for a given work order is established by DISH within a given market, Satellite sets up a tier system that allocates a portion of that base rate to technicians who do DISH work orders through the company. The tier system was created by Jenkins, and technicians are paid for the successful completion of work orders through a piece meal compensation system. Compensation for completion of work orders to the technicians is determined by the efficiency of completed DISH work orders, the procurement of tools, materials and equipment, management of expenses, and the accuracy and quality of their work. Satellite determines whether to pay technicians higher compensation based on completion of DISH work orders with a high level of accuracy and quality.

After three years of litigation, Defendants contend that, even if Plaintiffs could prevail on their FLSA claims, they are unable to meet their burden of proving damages. They argue further that Plaintiffs have failed to raise a genuine issue of material fact for trial that they had constructive knowledge Plaintiffs were entitled to overtime compensation. Finally, in the alternative, even if Plaintiffs have raised a genuine issue of material fact for trial on an award of damages, Defendants contend that Plaintiffs lack sufficient evidence to prove a willful violation of the FLSA, and, thus, Plaintiffs' damages are limited to a two-year period. Plaintiffs oppose Defendants' motion.

This instant motion is now ripe, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact

by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. FLSA

The FLSA's overtime provisions generally prohibit a covered employer from employing a worker "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA provides that an employer who violates the requirement to pay overtime compensation "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."[1] 29 U.S.C. § 216(b).13.

#### 1. Plaintiffs' Proof of Damages

> An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated.

*Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

The Fifth Circuit has explained:

> In order to recover, the plaintiff must show that he was "employed" . . . during the periods of time for which he claims unpaid overtime. He was employed during those hours if the [employer] had knowledge, actual or constructive, that he was working. *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981).

---

[1] Although the language of § 216(b) is mandatory, Congress thereafter added a provision that grants district courts the sound discretion not to award liquidated damages if the employer meets its burden of showing (1) "that the act or omission giving rise to such action was in good faith" and (2) "that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979). The purpose for the amendment "was to mitigate the harshness of the then-strict liability offense of violating Section 216." *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986).

*Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995).

If an employer had actual or constructive knowledge that the plaintiff/employee worked overtime, then the employee must prove the damages to which he claims entitlement. He may do this in one of two ways. First, if an employer has met its statutory obligation to keep an employee's time records under the FLSA,[2] the employee may easily discharge this burden by securing the production of the records. *Anderson*, 328 U.S. at 687. If, however, the employer has not kept accurate records, an employee has met his or her requisite burden of proof

> if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate.

*Id.* at 687-88.

In this case, Defendants move for summary judgment on two bases: (1) that Plaintiffs have insufficient evidence that they had actual or constructive knowledge Plaintiffs worked overtime and (2) that Plaintiffs have insufficient evidence to support their damages claims.

The Court first addresses Defendants' contention that Plaintiffs cannot prove actual or constructive knowledge. A plaintiff may show that the employer had actual or constructive

---

[2]Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time . . .

29 U.S.C. § 211(c).

6

knowledge of the overtime worked through the use of circumstantial evidence. "Constructive knowledge exists if by 'exercising reasonable diligence' an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quoting *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir.1973)). "'An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.' " *Newton*, 47 F.3d at 748 (alteration in original) (quoting *Forrester*, 646 F.2d at 414). In contrast, if the employee failed to notify the employer or deliberately prevented him from finding out about the overtime work, then the employer's failure to pay overtime does not violate the FLSA. *See Newton*, 47 F.3d at 78; *Von Friewald v. Boeing Aerospace Operations, Inc.,* 339 Fed. App'x 448, 455 (5th Cir. 2009) (citation omitted).

In this case, the Court finds that there is a genuine issue of material fact for trial whether Defendants had at least constructive knowledge the satellite technicians were working overtime. Plaintiffs have presented evidence through the testimony of at least one of the Plaintiffs that he made complaints about the hours worked in the mandatory morning meetings or to supervisors. *See* [Doc. No. 173-3, Deposition of Keldrick Cormier, pp. 33, 34, 37]. Additionally, one of Defendant's employees, Derrick Wright, admitted that some satellite technicians may have worked longer than 40 hours in a week to complete jobs. [Doc. No. 173-2, Deposition of Derrick Wright, p. 21 ("Q: Would you agree that . . . some technicians have to work longer than 40 hours a week in order to complete their jobs?" A: "Yes, it may happen. It's not often, but yes.").

Next, there were no time records maintained because Defendants contend that Plaintiffs

were independent contractors. Therefore, Plaintiffs may proceed with their case if they produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. To meet that burden, the nine Plaintiffs have offered deposition testimony that they regularly worked 12-hour days six days a week. They also rely on testimony from Derrick Wright, a manager for Defendants. Finally, they point out that they were required to be at mandatory meetings approximately one hour before jobs began at 8:00 a.m.

Defendants respond however, that Plaintiffs' estimates of their work hours are not in good faith, "but . . . a generic and monolithic assertion." [Doc. No. 176, p. 1]. In essence, Defendants want the Court to discredit Plaintiffs' evidence as unbelievable because they testified the same way. While the jury may or may not find this evidence lacking credibility, this Court cannot make a credibility determination in ruling on a motion for summary judgment. Defendants will have the opportunity at trial to attack Plaintiffs' credibility and rebut Plaintiffs' testimony with their own evidence. Based on its review of the evidence, the Court finds that Plaintiffs have raised a genuine issue of material fact for trial as to Defendants' knowledge and the number of hours worked.

### 2. Limitations Period

Alternatively, Defendants move for summary judgment on the appropriate limitations period in this case. They contend that there is insufficient evidence to raise a genuine issue of material fact for trial that they acted willfully in failing to pay Plaintiffs overtime to which they were allegedly entitled.

Any cause of action for unpaid overtime or liquidated damages under the FLSA must be commenced within two years after the cause of action accrued, "except that a cause of action

arising out of a willful violation may be commenced within three years after the cause accrued." 29 U.S.C. § 225(1)(a). Plaintiffs in this case seek to invoke the three-year limitations period based on Defendants' alleged willfulness.

"[N]either knowledge of the FLSA's potential applicability nor negligent or unreasonable conduct necessarily establishes willfulness." *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127–28 (1985); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)). The Fifth Circuit has given examples of such negligence as "an employer that 'act[s] without a reasonable basis for believing that it was complying with the [FLSA]' . . ., *McLaughlin*, 486 U.S. at 134–35," and "an employer that, without prior notice of an alleged violation, fails to seek legal advice regarding its payment practices, *e.g., Mireles*, 899 F.2d at 1416." However, an employer with knowledge or who recklessly disregarded whether it violated the FLSA is liable. *Mohammadi*, 605 F. App'x at 332. Examples of this conduct are where employers knew "their pay structures violate the FLSA" or ignored "complaints brought to their attention." *Id.* (citing *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 & n. 24 (5th Cir.2009)).

The Court finds that there are genuine issues of material fact for trial whether Defendants willfully violated the FLSA. Although the Court has previously excluded Department of Labor ("DOL") records from evidence, the Court has not prevented Plaintiffs from presenting evidence that Defendants had knowledge from the DOL that characterization of satellite technicians as independent contractors might violate the FLSA. When that evidence is coupled with testimony from at least one Plaintiff that he complained to management about the hours, the Court finds that

9

there is a genuine issue of material fact for trial.

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment Due to Plaintiffs['] Failure to Provide Competent Evidence of Their Damages or Show Defendants[] Had Knowledge of Their Alleged Unpaid Work; Alternatively, Plaintiffs Cannot Show Willful Violation of the [FLSA]" [Doc. No. 161] is DENIED.

MONROE, LOUISIANA, this 11th day of March, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE