# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Prejean                                                  Civil Action No. 6:17-cv-01170

versus                                                   Judge Terry A. Doughty

Satellite Country Inc                        Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion For Summary Judgment To Dismiss Claims Of Donald Stubblefield and Danniel Gan [Rec. Doc. 156] and Plaintiffs' Response To Defendants' Motion For Summary Judgment [Rec. Doc. 168]. For the reasons that follow, the Court will recommend that the Motion be GRANTED.

This matter was conditionally certified as a collective action limited to work as a satellite technician for Satellite Country. After the notice process was complete, fifty-four (54) satellite technicians had joined the collective. The Court ordered the parties to select eight (8) opt-in technicians to participate in representative discovery. The following technicians were randomly selected: 1) Donald Stubblefield; 2) Danniel Gan; 3) Eric Alexander; 4) Stafford Migues; 5) Algeria Johnson; 6) Adam St. Romain; 7) Keldrick Cormier; and 8) Garfield Wright. Of the eight representatives, Donald Stubblefield and Danniel Gan failed to participate in the

discovery ordered by the Court. Nor did they provide verified discovery responses necessary to schedule their depositions.

On August 15, 2019, this Court granted Defendant's motion to dismiss Gann and Stubblefield as representations based on their failure to comply with discovery as ordered by the Court in October, 2018. *R. 138.* Since that time, Gann and Stubblefield have failed to comply with any discovery. In his response, Plaintiff concedes that Stubblefield and Gan's lack of response to their discovery obligations and represents that he does not oppose the instant motion by defendants. *R. 168.* Plaintiff notes that these two representatives have been replaced and the replacement technicians have satisfied their discovery responsibility.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a court may, on motion, order sanctions if a party failed to obey an order to provide or permit discovery. "Rule 37(b)(A)(v) expressly contemplates dismissal, and the district court's discretion thereunder is broad." *Moore v. CITGO Ref'g & Chem. Co*.,735 F.3d 309, 316 (5th Cir. 2013). Dismissal as a sanction generally requires that "the failure to comply with the court's order results from wilfulness [sic] or bad faith, and not from an inability to comply." *Batson v. Neal Spelce Assocs*., 765F.2d 511, 514 (5th Cir. 1985). When considering dismissal as a sanction under Rule 37, the court also considers additional aggravating factors such as whether the other party's trial preparation was substantially prejudiced, whether the conduct is attributable directly

to the plaintiff, rather than the attorney, and whether the delay was "grounded in confusion or sincere misunderstanding of the court's orders." *Id.* Likewise, a court may dismiss an action on defendant's motion if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The Court agrees that the failure of Gan and Stubblefield to participate in discovery delayed the full vetting of the issues and created an unfair and inefficient environment to proceed towards trial. Plaintiff does not disagree that Gan and Stubblefield should be dismissed as parties from this litigation altogether since discovery has concluded and neither Gann nor Stubblefield has addressed his failure to participate in Court ordered discovery.

Finding that dismissal with prejudice under Rules 37(b) and 41(b) is appropriate, the Court RECOMMENDS that Defendant's Motion For Summary Judgment To Dismiss Claims Of Donald Stubblefield and Danniel Gan [Rec. Doc. 156] be GRANTED and Donald Stubblefield and Danniel Gan's claims be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 18th day of March, 2020.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**