UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER PREJEAN,** <br> **on behalf of Himself and Other** <br> **Persons Similarly Situated** | **CIVIL ACTION NO. 17-1170** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SATELLITE, INC.,** <br> **LYNN JENKINS & PAMELA MCCUE** | **MAG. JUDGE WHITEHURST** |

## RULING

Pending before the Court is Plaintiffs' Motion in Limine to Exclude Opinion and Speculation Testimony of Lynn Jenkins and Satellite Country Managers [Doc. No. 184]. Plaintiffs move the Court to exclude "opinion and speculation testimony of Lynn Jenkins and the Satellite Country managers [such as Lavelle Tullis and Derrick Wright] regarding the number of hours worked by the Plaintiffs, as well as opinions as to the accuracy of the testimony of the Plaintiffs regarding the number of hours worked[.]"  *Id.* at pp. 1, 4.  Defendant Satellite Country, Inc. ("Satellite Country") opposes Plaintiffs' motion.  For the following reasons, Plaintiffs' Motion in Limine is DENIED.

This is a collective action under the Fair Labor Standards Act ("FLSA").  Trial was previously set for May, but has recently been continued to December 2020.

At trial, the central issue to be decided is whether the satellite technicians were employees or independent contractors of Satellite Country.  If the technicians are determined to be employees, the jury must determine the amount of damages due to them.  To assess damages, the jury will need to determine the hours worked by the Plaintiffs.  Given their position that Plaintiffs

were independent contractors, Defendants did not keep the hours worked by their technicians for any given work week.

Among any other evidence, Plaintiffs intend to offer their own testimony on the hours worked. As part of its defense, Satellite Country intends to offer the testimony of Lynn Jenkins ("Jenkins"), the founder and CEO of Satellite Country, and Derek Wright ("Wright") and Lavern Tullis ("Tullis"), managers for Satellite Country.

The FLSA generally prohibits a covered employer from employing a worker "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA provides that an employer who violates the requirement to pay overtime compensation "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).13.

An employee bringing an FLSA claim based on unpaid overtime compensation "must first demonstrate that she has performed work for which she alleges she was not compensated." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)). If, as in this case, the employer has not kept time records, an employee can discharge this burden of proof

> if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed **or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence**. If the employer fails to produce such evidence, the court may then award

2

> damages to the employee even though the result may only be approximate.

*Id.* at 687-88 (emphasis added).

As previously discussed in the Court's denial of Satellite Country's Motion for Summary Judgment on damages [Doc. No. 178], Plaintiffs intend to offer estimates of their work hours, which Satellite Country has characterized as "'generic and monolithic assertion[s].'" [Doc. No. 176, p. 8]. In their motion, Satellite Country sought a ruling from the Court "discredit[ing] Plaintiffs' evidence as unbelievable because they testified the same way." *Id.* The Court found that such a credibility determination was for the jury to decide and denied the Motion for Summary Judgment, but stated that Satellite Country would "have the opportunity at trial to attack Plaintiffs' credibility and rebut Plaintiffs' testimony with their own evidence." *Id.*

Plaintiffs now, however, seek to prevent Satellite Country from offering such evidence based on discovery responses and deposition testimony in which Satellite Country, Jenkins, and others admit that they did not have time records and do not know exactly how many hours each satellite technician worked.

Satellite Country responds that the core issues at trial will be the characterization of Plaintiffs' employment, the hours worked, and, if Satellite Country is found to have violated the FLSA, whether Satellite Country acted willfully. It contends that Jenkins and managers, Wright and Tullis, can properly offer lay opinion testimony based on their duties and knowledge of the satellite industry and of the day-to-day operations of Satellite Country itself. Jenkins, as founder and CEO of Satellite Country, has worked in the satellite industry for years. As part of their employment with Satellite Country, Wright and Tullis track the work order fulfillment process.

3

They monitor the work order to see when it gets started, completed and when the technician is available to take a new work order. If a technician is taking longer than normal to complete a work order, or finishes one more quickly than is normal, Wright or Tullis makes sure the work order tracking system is updated properly, so that an available technician can pick up the next work order in the que. In line with these duties, Satellite Country contends that Wright and Tullis are constantly monitoring where contractors are in the work order process, so they can understand when the tech might be available, if willing, to accept another work order.

Pursuant to Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Additionally, a lay witness may offer opinion testimony if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and(c) not based on scientific, technical, or other specialized knowledge with the scope of Rule 702. Fed. R. Evid. 701. "[S]peculative opinion testimony by lay witnesses – i.e., testimony not based upon the witness's perception – is generally considered inadmissible." *Washington v. Department of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993).

The Court finds that Satellite Country has sufficiently demonstrated that Jenkins, Wright, and Tullis have personal knowledge which will permit them to offer lay opinions rationally based on their individual experience at Satellite Country and/or in the satellite industry. They have personal knowledge of the business and the requirements of satellite technicians, their opinions will be rationally based on their knowledge, and such opinions will be helpful to the jury in

4

determining the amount of damages owed if Satellite is found liable and further if it acted willfully in failing to properly pay overtime under the FLSA. Even if these witnesses do not offer testimony on the precise hours worked by Plaintiffs, their testimony would be relevant and helpful to the jury to the extent that it negates the reasonableness of the inference to be drawn from Plaintiffs' evidence. Accordingly, Plaintiffs' Motion in Limine is DENIED, subject to their right to make specific objections at trial.

MONROE, LOUISIANA, this 24th day of April, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE