UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

CHRISTOPHER PREJEAN,                         CIVIL ACTION NO. 17-1170
on behalf of Himself and Other
Persons Similarly Situated

VERSUS                                       JUDGE TERRY A. DOUGHTY

SATELLITE, INC.,                             MAG. JUDGE WHITEHURST
LYNN JENKINS & PAMELA MCCUE

RULING

Pending before the Court is Plaintiffs' Motion in Limine to Exclude Reference to Plaintiffs

as Independent Contractors or Contractors in Documents Prepared by Defendants [Doc. No. 185].

Plaintiffs move the Court "to exclude any reference in the contract documents prepared by Satellite

Country, Inc. which refers to the Plaintiffs as independent contractors, contractors, or attempts to

designate the Plaintiffs as non-employees, as such is irrelevant under the 'economic realities' test

to be applied at trial; or alternatively, the probative value will be greatly outweighed by the

prejudicial effect of such references and labels placed upon Plaintiffs by Defendants."   [Doc. No.

185-1, p. 1].   Defendants Satellite Country, Inc. ("Satellite Country") and Lynn Jenkins

("Jenkins") oppose Plaintiffs' motion.  [Doc. No. 203].  For the following reasons, Plaintiffs'

Motion in Limine is DENIED.

This is a collective action under the Fair Labor Standards Act ("FLSA").  At trial, the

central issue to be decided is whether the satellite technicians were employees or independent

contractors of Satellite Country.  Plaintiffs contend that they were or are employees of Satellite

Country and that they are entitled to overtime compensation for hours worked in excess of 40

hours per week, pursuant to the FLSA, 29 U.S.C. § 207.    Defendants contend that Plaintiffs were

or are independent contractors and, therefore, not subject to FLSA's overtime provisions.

Plaintiffs now, however, seek to prevent Satellite Country from offering any portions of

any documents into evidence that refer to Plaintiffs as contractors or independent contractors.

They argue that the Fifth Circuit applies the economic realities test to determine employment

status and that, under that test, the labels or attempted designations by Defendants are irrelevant.

Alternatively, even if the documents or provisions therein have some relevance, Plaintiffs argue

that the relevance is substantially outweighed by the danger of undue prejudice of this evidence.

Plaintiffs cite specifically to documents entitled, "Independent Contractor Insurance

Compliance" and "Satellite Country Independent Contractor/Technician Guidelines,

Responsibilities and Confidentiality Agreement."   [Doc. No. 185, Exhibits 1 and 2].    They

point further to a section under the heading "Tech Pay Practices":

> Technician understands and agrees that it is an Independent Contractor
> Technician and not an employee. No  payroll  deductions,  Social  Security,
> Medicare,   or unemployment taxes shall be withheld from any check paid to
> Technician pursuant to this agreement.   Technician agrees that it is not an
> employee of Satellite Country, and  it  is  not  entitled  to  contribution  by
> Satellite  Country  toward  any  payroll deduction taxes or unemployment taxes
> that would be withheld if Technician were an   employee.     Technician   will
> receive   an   IRS   Form1099   at   the   proper   time reporting Technician'
> income from Satellite Country during any calendar year in which this agreement
> is operative.

[Doc. No. 185, Exhibit 2].   Plaintiffs acknowledge that the remaining portions of the documents

contain information, rights, and responsibilities that may be relevant, but move the Court to

require redaction.   They also submit the specific cited documents in the redacted form they

suggest.

Defendants respond that the case law cited by Plaintiffs does not support the remedy they

2

seek.   While the contractual relationship between Satellite Country and Plaintiffs is not dispositive

to an employment determination under FLSA, Defendants argue that the contract or documents

are admissible in their entirety, and either exclusion or redaction of the contract or documents is

unnecessary and likely to create confusion and prejudice to Defendants. They contend that none

of the cases cited by Plaintiffs excluded contracts from evidence, but, instead, addressed the weight

given the contracts in determining the proper classification of the worker.   Finally, they point out

that Plaintiffs do not object to use of the term "employee" in any of the documents to be used at

trial.

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any

tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."   Additionally, under Federal Rule of

Evidence 403, evidence that is otherwise relevant may be excluded "if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence."

The central issue is employment status under FLSA.   In the Fifth Circuit, the focus is on

"whether, as a matter of economic reality, the worker is economically dependent upon the

alleged employer or is instead in business for himself." *Hopkins v. Cornerstone America*, 545

F.3d 338, 343 (5th Cir. 2008).   Five non-exhaustive factors are used as "a tool used to gauge the

economic dependence of the alleged employee":

> (1) the degree of control exercised by the alleged employer; (2) the extent of the
> relative investments of the worker and the alleged employer; (3) the degree to which
> the worker's opportunity for profit or loss is determined by the alleged employer;
> (4) the skill and initiative required in performing the job; and (5) the permanency

of the relationship.

*Id.* (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043–44 (5th Cir. 1987)); *see also*

*Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019).

The Court agrees with Defendants that the exclusion of all or part of the contracts or documents between the parties is not appropriate in this case.   While Satellite Country's definition or label of the relationship with the satellite technicians is not dispositive, Defendants can offer the contract and other documents as relevant to the financial relationship between the parties, including the relative investments of the worker and the alleged employer;   the degree to which the satellite technician's opportunity for profit or loss was determined by Satellite Country; the permanency of their relationship; the piece rate payment agreement between the parties; Satellite Country's policies and procedures, and also to Satellite Country's good faith defense. Additionally, the Court finds that redaction of the documents as suggested would cause undue confusion to the jury and/or prejudice to Defendants.   Accordingly, Plaintiffs' Motion in Limine is DENIED, subject to their right to make specific objections at trial.

MONROE, LOUISIANA, this 29th day of April, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

4