UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER PREJEAN,<br>on behalf of Himself and Other<br>Persons Similarly Situated | CIVIL ACTION NO. 17-1170 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SATELLITE COUNTRY, INC., ET AL. | MAG. JUDGE WHITEHURST |

## RULING

Pending before the Court is a Motion in Limine to Exclude Records [Doc. No. 188] filed by Defendants Satellite Country, Inc. ("Satellite Country") and Lynn Jenkins ("Jenkins"). Plaintiffs oppose the motion. [Doc. No. 199]. Defendants filed a reply memorandum [Doc. No. 213].

For the following reasons, Defendants' Motion in Limine is GRANTED.

**A. Background**

This is a collective action under the Fair Labor Standards Act ("FLSA"). At trial, the central issue to be decided is whether the satellite technicians were employees or independent contractors of Satellite Country. Jenkins is the founder and CEO of Satellite Country.

Plaintiffs contend that they were or are employees of Satellite Country and that they are entitled to overtime compensation for hours worked in excess of 40 hours per week, pursuant to the FLSA, 29 U.S.C. § 207. Defendants contend that Plaintiffs were or are independent contractors and, therefore, not subject to FLSA's overtime provisions.

Jenkins is a Defendant and will be a witness in the case. In May 1987, Jenkins was convicted of multiple counts of possession with intent to distribute and distribution of cocaine and

marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of conspiracy to possess and distribute controlled substances, in violation of 21 U.S.C. § 846; multiple violations of the Travel Act, 18 U.S.C. § 1952; one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; several counts of distribution of a controlled substance to a person less than twenty-one years of age, in violation of 21 U.S.C. § 845; and four counts of tax evasion, in violation of 26 U.S.C. § 7206(1).  *See United States v. Jenkins*, 904 F.2d 549 (10th Cir. 1990).  As a result of his convictions, Jenkins was incarcerated in or around July 1987 and released after serving approximately eleven years and seven months of his twenty-year sentence.

Plaintiffs seek to introduce evidence of Jenkins' criminal conviction on the four counts of tax evasion and the one count of engaging in a continuing criminal enterprise.  They contend that Jenkins is a critical witness for Defendants as the corporate representative for Satellite Country, its sole owner, and the person who has maintained operational control over the business.  They further contend that Jenkins' credibility is a significant issue in this case because "[h]e has shown a propensity to be less than forthcoming both in responses to written discovery, and during deposition."  [Doc. No. 199-1, p. 1].

Defendants move to exclude this evidence, contending that Plaintiffs have failed to meet the requirements set forth by Federal Rule of Evidence 609(b)(2) of giving them reasonable notice and an opportunity .

**B. Federal Rule of Evidence 609**

Federal Rule of Evidence 609(a) provides in pertinent part:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

  (1) for a crime that, in the convicting jurisdiction, was punishable by death

2

    or by imprisonment for more than one year, the evidence:

     (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

     (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

   (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting—a dishonest act or false statement.

  (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

   (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

   (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Thus, in a civil case, a felony conviction "must be admitted" if the elements of the crime required proving a dishonest act or false statement.[1] However, if the conviction is over ten years old, the

---

[1] The parties address their arguments largely to Rule 609(b). However, the Court would note that at least one of the convictions Plaintiffs seek to introduce does not apparently involve a dishonest or false act on its face. Certainly, tax evasion as charged against Jenkins required proof that the defendant "willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter[.]". 26 U.S.C. §7206(1).

However, engaging in a continuing criminal enterprise, a crime which has since been repealed, required proof at the time that the person:

(1) he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II--(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and (B) from which such person obtains substantial income or resources.

evidence is "admissible only if" the proponent of the evidence can meet the requirements of Rule 609(b)(1)-(2).

In this case, it is clear that the crimes of conviction are over ten years old. Indeed, Jenkins was convicted thirty-three (33) years ago, and he was released from imprisonment more than twenty (20) years ago. Therefore, evidence of Jenkins' convictions for tax evasion and engaging in a continuing criminal enterprise are admissible only if the requirements of Rule 609(b)(1)-(2) are met. The Court finds that Plaintiffs have failed to meet the requirements of Rule 609(b)(1), and the evidence will be excluded on that basis.[2]

In *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979), the Fifth Circuit held that Rule 609(b) establishes a presumption against the use of convictions that are more than 10 years old, explaining as follows:

> The general rule, therefore, is inadmissibility. Moreover, in the Senate Report on the Rules of Evidence, the Senate noted that "convictions over ten years old generally do not have much probative value." SEN. REP. NO. 1277, 93d Cong. 2d Sess. 4, Reprinted in 1974 U.S. Code Cong. & Admin. News pp. 7051, 7061. The presumption against admissibility is, therefore, founded on a legislative perception that the passage of time dissipates the probative value of a prior conviction. *Cf. U.S. v. Beechum*, 582 F.2d 898, 915 (CA5, 1978) (en banc) (Under Rule 404 "temporal remoteness depreciates the probity of the extrinsic offense"). The balancing scale Congress has given the courts is weighted against a finding that the probative value of a more than 10-year-old conviction substantially outweighs its prejudicial effect. Therefore, as this court stated in *U.S. v. Bibbs*, 564 F.2d 1165 (CA5, 1977), Cert. denied, 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978), "Congress intended that the trial judges be extremely cautious in admitting evidence of remote convictions."

*Id.* at 1170; *see also United States v. Snyder*, 2016 WL 778035, at *2 (W.D. La. 2016)

---

21 U.S.C. § 848 (1988). The "subchapters" referred to the statute where the underlying drug crimes, none of which require proof of a dishonest or false act.

[2] The Court need not reach the arguments under Rule 609(b)(2).

4

(citing *Cathey* for the proposition that "[i]t is well settled that Rule 609(b) "establishes a presumption against the use of more than 10-year-old convictions. . . "; therefore, "trial judges [should] be extremely cautious in admitting evidence of remote convictions.").

In *United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985), the Fifth Circuit identified the following factors to be considered in determining whether a conviction more than ten years old should be admissible under Rule 609(b):

> (1) The nature [impeachment value] of the crime; (2)The time of conviction; (3) The similarity between past crime and the charged crime;(4)The importance of the defendant's testimony; and(5)The centrality of the credibility testimony.

Applying the aforementioned factors and the plain language of Rule 609(b), the Court finds that Plaintiffs have failed to show that, by specific facts and circumstances, that the probative value of Jenkins' thirty-three-year old convictions substantially outweighs the prejudicial effect of these convictions. There is no doubt that Jenkins' testimony is important in this case, and his credibility will be judged by the jury. However, even if his testimony is central to the trial, such evidence alone is not sufficient to overcome the presumption against admissibility.[3] His prior bad acts in being involved in drug trafficking conspiracy in Utah more than three decades ago has nothing at all to do with his civil liability and that of the legitimate company he founded and has run in the ensuing years or the alleged misclassification of satellite technicians as independent contractors. While the Court appreciates that Plaintiffs seek to limit the evidence to his convictions for tax evasion and engaging in a continuing criminal enterprise, it is clear that those convictions (although found supported by the evidence) arose through and were part of the underlying drug

---

3 *See Advantage Roofing & Constr. of Louisiana, Inc. v. Landmark Ins. Co.*, No. CV 16-677-JWD-RLB, 2018 WL 4088055, at *2 (M.D. La. Aug. 27, 2018) (Even where the principle of a company was expected "to provide central testimony" and the proponent argued that his credibility was of the "utmost importance," his prior criminal conviction was excluded after application of the *Acosta* factors).

5

trafficking crimes. The "mere fact that the defendant's credibility is in issue—a circumstance that occurs whenever the defendant takes the stand—cannot, by itself, justify admission of evidence of convictions over ten years old. Such a rule would make the ten year limit in Rule 609(b) meaningless." *See Acosta,* 763 F.2d at 695.

For these reasons, Defendants' Motion in Limine is GRANTED, and evidence of Jenkins' prior criminal convictions, including records of or reference to those convictions is EXCLUDED from trial.

MONROE, LOUISIANA this 15th day of May, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

6