UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER PREJEAN,**<br>**on behalf of Himself and Other**<br>**Persons Similarly Situated** | **CIVIL ACTION NO. 17-1170** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SATELLITE COUNTRY, INC., ET AL.** | **MAG. JUDGE WHITEHURST** |

**MEMORANDUM RULING**

Pending before the Court is a "Motion in Limine to Limit and Clarify Plaintiff's Permitted Methods of Inquiring as to Whether the Defendants Had Knowledge from the DOL That the Characterization of Satellite Technicians as Independent Contractors Might Violate the FLSA" ("Motion in Limine Regarding DOL Notes") [Doc. No. 189] filed by Defendants Satellite Country, Inc. ("Satellite Country") and Lynn Jenkins ("Jenkins"). Prejean, on behalf of himself and other collective action members, opposes the motion. [Doc. No. 200]. Defendants filed a reply memorandum [Doc. No. 214].

For the following reasons, Defendants' Motion in Limine Regarding DOL Notes is GRANTED IN PART AND DENIED IN PART.

**A. Background**

This is a collective action under the Fair Labor Standards Act ("FLSA"). At trial, the central issue to be decided is whether the satellite technicians were employees or independent contractors of Satellite Country. Prejean contends that he and others were employees of Satellite Country during the collective period and that they are entitled to overtime compensation for hours worked in excess of 40 hours per week, pursuant to the FLSA, 29 U.S.C. § 207. Defendants

contend that Prejean and others were independent contractors and, therefore, not subject to FLSA's overtime provisions.

If Prejean and other collective action members are determined to have been employees of Satellite Country and they show that Defendants acted willfully in violating the FLSA, they can recover damages for the three-year period preceding the filing of this action, rather than a two-year period. *See* 29 U.S.C. § 225(1)(a).

Additionally, FLSA plaintiffs can typically recover an additional amount of liquidated damages, unless the employer meets its burden of proving a good faith defense by showing (1) "that the act or omission giving rise to such action was in good faith" and (2) "that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979).

**B. Prior Rulings**

Approximately one year ago, on May 24, 2019, Prejean filed a Motion in Limine [Doc. No. 104] seeking to introduce and authenticate nineteen (19) pages of United States Department of Labor, Office of Wage and Hour, investigative notes ("DOL notes").[1] Prejean sought to introduce the complete set of DOL records under Federal Rule of Evidence 902(5) as a publication issued by a public agency. They also argued that the evidence was relevant under Federal Rule of Evidence 401. At that time, Defendants objected to the admissibility and relevance of the DOL notes, arguing that, under Federal Rule of Evidence Rule 403, the probative value is substantially

---

[1] The records included notes related to (1) a last paycheck complaint by a single worker that was resolved voluntarily in 2009 (unsigned or reviewed, author unknown) [Doc. No. 104-2, pp. 3-4, Case ID: 1544579]; (2) a claim that 7 unknown workers in Austin, Texas, were misclassified (unsigned or reviewed, author unknown) [Doc. No. 104-2, pp. 5-14, Case ID: 1564868]; (3) an investigation that was opened, referred to another office, and closed without violations in 2011 (unsigned or reviewed, author unknown) [Doc. No. 104-2, pp. 15-19, Case ID: 1610971].

outweighed by the danger of unfair prejudice to Defendants.

The Court denied Prejean's Motion in Limine, finding, first, that the DOL notes were not self-authenticating because they did not constitute a "book, pamphlet or other publication" issued by a public authority in accordance with FED. R. EVID. R. 902(5). Instead, the Court characterized the notes as "portions of investigations conducted at four different facilities owned by Satellite Country . . . 8 to 10 years ago." [Doc. No. 111].

While the Court believed the DOL notes are "relevant to the issue in this case (whether technicians should be classified as independent contractors or employees)," the Court ruled that "the probative value of the information is substantially outweighed by the danger of unfair prejudice to defendants, confusion of the issues, misleading the jury, undue delay and wasted time in this case, and thus subject to exclusion in accordance with Fed. R. Evid. Rule 403." [Doc. No. 111]. The Court explained further:

> The trial is about whether the Defendants acted as employers in relation to various independent contractor technicians who performed work in Alexandria, Baton Rouge, Lafayette, and Lake Charles, Louisiana, and Amarillo, Texas, from 2015 until 2018. The prior actions occurring from 2008 to 2011 at different facilities, by unknown investigators would be prejudicial to the Defendants in this case. Additionally, no part of the records show whether the investigation was ever completed and/or the results thereof. The different times and locations would be confusing and misleading to the jury. To admit these records would also result in wasted time.

[Doc. No. 111, p. 3].

In a recent ruling denying Defendants' Motion for Summary Judgment, the Court stated: "Although the Court has previously excluded . . . DOL . . . records from evidence, the Court has not prevented Plaintiffs from presenting evidence that Defendants had knowledge from the DOL that characterization of satellite technicians as independent contractors might violate the FLSA."

3

[Doc. No. 178, p. 9].

### C.     Motion in Limine Regarding DOL Notes

In light of the Court's prior rulings, Defendants filed the instant motion to address "the scope and proper methods of any such inquiries," so to avoid the "danger that . . . attempts to thread this needle could devolve into arguments over semantics and the proper classification of any knowledge the Defendants might have."  [Doc. No. 189-1, p. 2].  Defendants contend that Prejean has no admissible evidence because he failed to take steps in discovery to try and ascertain the actual findings that resulted from the DOL investigations, they have not provided any documents to Defendants relating to the official outcome of any DOL investigations, and they have not conducted depositions of DOL investigators or sought additional records from them. Defendants point out that, prior to the discovery cutoff on January 15, 2020, they agreed to allow Prejean one additional month (until February 15, 2020), to conduct additional depositions, including a deposition of a DOL representative, but no such deposition took place, and no subpoena duces tecum was ever served.

Prejean opposes this motion.  He points out that a subpoena was served on the DOL on December 4, 2019, in an effort to depose a DOL representative.  The DOL refused to make a representative available because of a policy against expending resources on civil litigation matters.  Additionally, Prejean contends that Defendants admit that Satellite Country was previously told by the DOL that it had misclassified seven workers and failed to pay them overtime.  Prejean re-argues his previous position that the DOL records are relevant and should be admitted to prove Satellite Country had prior knowledge that its misclassification of satellite technicians violated the FLSA and, thus, its present violations, if proven, were willful.

Defendants also filed a reply memorandum to address Prejean's arguments. Defendants respond first that Prejean seeks to re-open the issue of the admissibility of the DOL notes. In that regard, Defendants urge that the Court has already deemed those records inadmissible and that the ruling is now the law of the case. Second, Defendants contend that Prejean has mischaracterized Jenkins' testimony and imply that he was "lying" when, in actuality, he testified that he was aware of a DOL complaint and had been involved at certain points, but that he had not seen the investigator's notes until they were presented to him as "DOL findings" at his deposition. Further, Defendants submit that Jenkins testified that it was suggested that he should consider classifying certain 1099 personnel, who were not satellite technicians, as employees and that he subsequently did so. Defendants contend that, at the time of the DOL investigation they had approximately 100 satellite techs classified as 1099s, but there was no DOL finding that they were misclassified and no violations on the classification of the satellite technicians documented and recorded. Finally, to the extent that Prejean contends Defendants have asserted fraud, Defendants deny this assertion. Rather, they contend that they disagree with Prejean about how many hours he and other collective action members typically worked during the collective period.

First, to the extent that Prejean seeks reconsideration of the Court's previous ruling excluding the DOL notes, the request is denied. Even if the information were admissible under the considerations of Rules 401 and 403, the Court found that the notes themselves were not self-authenticating and thus not admissible into evidence. Prejean has presented no new arguments or precedential authority to support a reversal of the Court's previous ruling on admissibility of the notes.

Second, the Court finds that the prior DOL notes by investigators are not admissible after

5

consideration of Rules 401, 403, and 404. Plaintiffs rely heavily on *Snead v. EOG Res., Inc.*, 5:16-CV-1134-OLG, 2018 WL 1151137 (W.D. Tex. Feb. 16, 2018). In *Snead*, an FLSA case, the defendant, EOG Resources, Inc. ("EOG"), filed a multi-part motion in limine. In Item 6, EOG moved the court "to exclude '[a]ny reference to allegations, petitions, complaints or claims made against EOG in any other lawsuits.'" *Id.* at * 2 (citing Docket No. 80 at 2). In Item 26, EOG moved "to exclude '[a]ny reference to any cross claims, counterclaim, or third-party claim filed in this lawsuit or any other lawsuit by EOG.'" *Id.* (citing Docket No. 80 at 6). EOG argued that these items should be excluded because they were irrelevant and unfairly prejudicial prior bad acts evidence. *Id.* (citing Docket No. 80 at 2). Snead opposed the exclusion of these items, arguing that evidence of previous lawsuits filed against EOG alleging employee/contractor misclassification and evidence of the counterclaims that EOG asserted against Snead in the pending case and against other FLSA plaintiffs in previous litigation were relevant to the question of EOG's willfulness.

     The *Snead* Court considered Federal Rule of Evidence 404(b), which addresses the admission of prior bad acts. Rule 404(b) provides "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The *Snead* Court then applied the three-factor test formulated by the Fifth Circuit to determine whether evidence of prior acts is admissible: "'(1) relevance to an issue other than character, (2) probative value outweighing the potential for prejudice, and (3) proof that the offense was in fact committed.'" *Id.* at *3 (quoting *Harrell v.*

*DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (other citations omitted). The *Snead* Court found that the prior litigation, which settled and thus did not result in any judgment liability, was not relevant to Snead's claims that he and other workers had been misclassified. *Id.* However, the *Snead* Court found that the prior litigation was relevant to other issues, "such as whether Defendant may avail itself of the good faith defense and whether any FLSA violation that may be found by the Court was willful." *Id.* at *3. Specifically, the *Snead* Court found that "[e]vidence of the misclassification and unpaid overtime complaints lodged by other former EOG workers" was relevant to show that "rather than investigating the merits of those complaints, EOG attempted to employ an indemnity clause and counterclaims to shift any FLSA liability onto its employees." *Id.*

The *Snead* decision is not binding precedent, but merely persuasive authority. Nevertheless, the facts of the instant case are distinguishable. There is no indication of an authentication issue as there is in this case. Snead sought to introduce evidence of prior lawsuits, not complaints to the DOL and resulting notes from investigators at different locations and different times. Additionally, unlike EOG, Satellite Country did not have in place an indemnity clause, and, finally, Satellite Country voluntarily reclassified other positions within the company after the previous DOL investigation.

Prejean questions the credibility of Jenkins and indicates that this evidence is necessary to show that Jenkins told "outright lies" at his deposition when he denied that the DOL ever addressed, in counsel's words, "'the need or the recommendation to change or make a recommendation to change technicians from 1099s to W2s.'" [Doc. No. 200, p. 7 (quoting Doc. No. 200-2, p. 110-11)]. In reaching its decision, the Court has reviewed the Rule 30(b)(6)

7

corporate deposition testimony of Jenkins [Doc. No. 200-2]. Jenkins testified that there was a DOL investigation at another location of sales agents, technicians, and managers of technicians. *Id*. at pp. 18-23. As a result of the DOL's verbal recommendations, Satellite Country reclassified sales agents and managers of technicians to W-2 employees, rather than 1099 contractors. *Id.* at 18-23, 26. However, Jenkins denied that Satellite Country was told that satellite technicians had been improperly classified as 1099 contractors or that they should be classified as employees under the FLSA. *Id.* at pp. 23-24.² He further testified that Satellite Country was not fined, nor was it the subject of any other DOL investigations or any other FLSA lawsuits. *Id.* at pp. 24-26, 32-33.

Prejean accuses Jenkins of lying, but did not cite the additional pages of the 306-page deposition supporting this accusation nor does Defendant cite the pages in support of their contention that there was no deceit. Prejean presumably bases this argument on the portion of

---

² Prejean argues that Jenkins' later testimony is inconsistent. At that time, Jenkins testified as follows:

Q. Did the Federal Labor Board say that it was okay to qualify or classify your technicians as independent contractors?

A. Yes.

Q. And at no time did they tell you otherwise?

A. No. Where the other ways came is what we talked about earlier.

Q. With the managers?

A. Managers and employees that - - well, not employees - - managers - - basically, managers and the sales agents, you know. We talked about that.

Q. But that at no time did the Department of Labor address the need or the recommendation to change or make a recommendation to change technicians from 1099s to W2s?

A. No.

[Doc. No. 200-2, pp. 110-11]. However, the Court finds no inconsistencies between this testimony and his earlier testimony.

8

Jenkins' deposition where he was presented with the DOL investigator notes, showing that multiple investigations took place from 2009-2011 at more than one location (but none of the locations involved in this case). [Doc. No. 200-2, pp. 118-126; 134-138]. In that line of questioning he denies recollection of the specific times and locations, indicating that he was notified of a complaint at his Austin, Texas office, that his attorney handled the case, and that, ultimately, there was no finding violation or fines.

The Court left open the possibility that Prejean could present evidence that Defendants had knowledge from the DOL that characterization of satellite technicians as independent contractors might violate the FLSA. To allow Prejean to present hearsay notes of unidentified DOL investigators in these circumstances is unduly prejudicial under the general considerations of Rule 403 and as incorporated into the three-part test of Rule 404(b).

The Court stands by its earlier determination that knowledge Defendants gained from earlier DOL investigations could be relevant to the issues presented, particularly to willfulness and the good faith defense. Prejean can certainly question Satellite Country witnesses if DOL ever discussed the classification of 1099 satellite technicians with them, but, if they do so, they will be bound by the witnesses' answers because the DOL notes are inadmissible, and there is no other evidence to contradict Jenkins' testimony.

**D. Conclusion**

For the foregoing reasons, Defendants' Motion in Limine Regarding DOL Notes [Doc. No. 189] is GRANTED IN PART AND DENIED IN PART. To the extent that Defendants' move to exclude Prejean from offering any evidence or eliciting any testimony regarding the DOL notes, the motion is GRANTED. To the extent that Prejean seeks to inquire of Satellite

Country witnesses about knowledge gained about the classification of satellite technicians from a previous DOL investigation, the motion is DENIED.

MONROE, LOUISIANA this 21st day of May, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE