# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER PREJEAN,<br>on behalf of Himself and Other<br>Persons Similarly Situated | CIVIL ACTION NO. 17-1170 |
| | |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| | |
| SATELLITE COUNTRY, INC.,<br>LYNN JENKINS & PAMELA MCCUE | MAG. JUDGE WHITEHURST |

## <u>MEMORANDUM RULING</u>

Pending before the Court is a Motion to Strike, or Alternatively, Motion in Limine to Exclude Testimony of Richard Brimhall and Marcus Jones [Doc. No. 186] filed by Plaintiff Christopher Prejean ("Prejean").

On September 14, 2017, Prejean, on behalf of himself and all others similarly situated, filed a Collective Action Complaint against Defendants Satellite Country, Inc. ("Satellite Country"), Pamela McCue ("McCue"), and Lynn Jenkins ("Jenkins"), asserting violations of the Fair Labor Standards Act ("FLSA") for alleged failure to pay overtime compensation.   On April 17, 2018, the Court conditionally certified this matter as a Collective Action, and approximately forty-eight (48) Plaintiffs have joined Prejean in this litigation.[1]   After motion practice, Pamela McCue was dismissed as a Defendant.   Prejean's claims against Satellite Country and Jenkins remain pending. Trial is set for December 7, 2020.

Prejean and other class members worked as satellite technicians who performed work orders on behalf of DISH Network, LLC ("DISH") for Satellite Country.   DISH is one of the

---

[1]Some Plaintiffs have been dismissed after motion practice because their claims were determined to be untimely.

nation's largest home television service providers and is the owner of the direct-broadcast satellite provider Dish (stylized DISH, formerly and still commonly known as Dish Network), and the over-the-top IPTV service Sling TV.

At trial, the central issue to be decided is whether the satellite technicians were employees or independent contractors of Satellite Country.   If the technicians were employees, the jury will be charged with determining the amount of damages due to them.   To assess damages, the jury will need to determine the hours worked by all Plaintiffs.   Given their position that the satellite technicians were independent contractors, Defendants did not keep time records of the hours worked by the satellite technicians for any given work week.

As the Court has previously explained, an employee bringing an FLSA claim based on unpaid overtime compensation "must first demonstrate that she has performed work for which she alleges she was not compensated."  *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co*., 328 U.S. 680, 687–88 (1946)). If, as in this case, the employer has not kept time records, an employee can discharge this burden of proof

> if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed **or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.** If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate.

*Id.* at 687-88 (emphasis added).

Prejean and other Plaintiffs intend to offer their own testimony on the hours worked,

generally that they worked twelve-hour days, six days per week.   The Court previously denied Defendants' Motion for Summary Judgment on damages [Doc. No. 178] on the basis that this testimony is "'generic and monolithic assertion[s].'"   [Doc. No. 176, p. 8].   To the extent that Defendants argued that this evidence was unbelievable, the Court found such credibility determinations were reserved for the jury, but that Defendants would have the opportunity to challenge this evidence at trial.

Consistent with that ruling, the Court denied Prejean's Motion in Limine in which he sought to exclude testimony by Jenkins, the founder and CEO of Satellite Country, and managers, Derek Wright and Lavern Tullis, on hours worked.   The Court ruled that testimony of these three individuals could be offered to rebut the evidence of hours worked offered by Prejean and other Plaintiffs.   *See* [Doc. No. 204].

Defendants also intend to offer evidence of "third-party data," discovered in mid-2019 from two separate companies, which used SatTracks and Pixsys software, to rebut the testimony of Prejean and other Plaintiffs on the hours worked. To explain the data, Defendants intend to offer the testimony of Richard Brimhall ("Brimhall") from Salt Lake City, Utah, on the SatTracks software and Marcus Jones ("Jones") from Birmingham, Alabama, on the Pixsys software.

Prejean, however, moves to strike the testimony of these two witnesses as untimely disclosed or, alternatively, to limit the testimony of the two individuals to matters within their personal knowledge.

In support of their alternative motions, Prejean explains that Defendants previously notified him of the SatTracks and Pixsys software data, and Prejean's counsel requested to take the depositions of the individuals who would testify about this data.   Defendants identified Troy

Powell, the former CEO of SatTracks, from Salt Lake City, Utah, and Eric Sides, the Chief Technical Officer of Pixsys, from Birmingham, Alabama.   Prejean's counsel took the video depositions of these two individuals in July 2019.

However, some months later, Defendants' counsel notified Prejean's counsel that Defendants might call other, previously unidentified witnesses to testify regarding the SatTracks and Pixsys software.   These witnesses would also be located in Salt Lake City and Birmingham. Prejean suggests that Defendants wished to add new witnesses because they were dissatisfied with the testimony of the prior witnesses.   Prejean's counsel sought to obtain the identities of these witnesses and schedule their depositions, but Defendants did not identify Brimhall and Jones until January 20, 2020, in a "Supplemented Response to Plaintiff's Interrogatories and Request for Production of Documents."   Prejean also accuses Defendants of failing to provide available deposition dates.   For these reasons, Prejean moves to strike Brimhall and Jones as witnesses at trial.   Alternatively, Prejean moves the Court to limit these witnesses to testifying to matters within their personal knowledge because they were not identified as experts.

Defendants respond that Prejean was notified early in the litigation in 2018 that Satellite Country did not own or control the third-party records and only had limited access to them granted by  DISH to support its role in the DISH fulfillment processes.   Prejean obtained a subpoena dated May 24, 2018, to secure the DISH records.   However, Defendants contend that Prejean abandoned the subpoena.   Defendants point out that Prejean was again told during the Rule 30(b)(6) deposition of Satellite Country in March 2019 that each satellite technician documented his activity during the work day through DISH software. Defendants explain that the entries were recorded electronically through the technician's smartphone and stored in a DISH database

administered by the third-party vendors at issue.   The entries show when a technician arrives at a DISH customer's residence; when the technician activates equipment during the performance of a DISH work order; and when the technician closes the work order (finishes the tasks in the work order and leaves the customer's residence).   Defendants assert that they determined that they must obtain the data because Prejean had failed to do so, so they contacted the third-party vendors for DISH, Agemni (SatTracks successor) and Pixsys.

Further, they point out that this information was provided to Prejean well before the relevant deadlines in the initial Revised Case Management Order when the case was set for trial on October 15, 2019.   Prejean's counsel, as admitted took the depositions of Troy Powell, former CEO of SatTracks and Eric Sides, the Chief Technical Officer at Pixsys in July 2019. During the depositions, Defendants assert that Prejean's counsel focused on authentication issues, not discovery of how the systems worked, and the witnesses were not prepared to offer authentication questions because they did not personally pull the data and provide it to Satellite Country. They suggest that additional witnesses are necessary to address Prejean's prospective authentication objections.

Finally, Defendants point out that the remedy sought is not appropriate in this case because Prejean has not taken any depositions in this case since July 2019 and has not sought additional information on the data through written discovery.   While they concede the records do not establish exactly how many hours and minutes a particular tech worked in any one day when they were accepting work orders, the records do contain relevant information that eliminates certain ranges of possibilities. For example, if a tech only completed two work orders on a given day, the records would not support a claim that he worked 12 hours that day.

Prejean replies that Defendants suggested that they might call additional witnesses to discuss the SatTracks and Pixsys data, but did not disclose their identities despite requests from Prejean's counsel over several months. Prejean contends that the late-disclosed witnesses are duplicative and that there was no agreement the names would be produced on the discovery deadline.  If the Court does not strike the witnesses, in the alternative, Prejean contends that his counsel should be provided the opportunity to take Brimhall's and Jones's depositions to cure any prejudice.

Under Federal Rule of Civil Procedure 37, a party who fails to provide information or disclose a witness as required by Rule 26(a) and (e) may not use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1). The Fifth Circuit has identified four factors that a court should consider in determining harmless or substantially justified:  (1)  the  importance  of  the  evidence;  (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by granting a continuance; and (4) the party's explanation for its failure to disclose. *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

In this case, it appears Defendants did in fact disclose the identities of the two additional witnesses by the discovery deadline, so they are in technical compliance with Rule 26.  However, the last-minute disclosure did not provide for time to depose the two new witnesses.  Prejean claims testimony from these two witnesses is duplicative of the two witnesses previously disclosed and that Defendants' counsel was just dissatisfied with the other witnesses.  Defendants suggest that the two additional witnesses are necessary to address authentication issues.  The Court's concern is the proper presentation of all relevant evidence to the jury, so that it can make an

informed decision.   In this case, the trial has been continued until December 2020, and there is ample time to cure any prejudice to Prejean, as well as to address whether testimony will be duplicative.   Accordingly, to the extent that Prejean moves to strike any testimony from Brimhall and Jones, the Motion in Limine is DENIED.   However, the Court will grant Prejean's alternative request that his counsel be permitted to depose these two witnesses prior to the December trial. Discovery is re-opened for this limited purpose of conducting these depositions no later than September 30, 2020.   Counsel should work together to schedule depositions, and if they cannot reach agreement, they should file the appropriate motion with the Court.

Prejean also moves the Court, in the alternative, to limit the testimony of Brimhall and Jones to matters within their personal knowledge.   Defendants did not oppose or respond to this argument.   Brimhall and Jones have been identified as non-retained fact witnesses.   They have not been identified as experts.   Therefore, as with any witness, under Federal Rule of Evidence, they may only testify to matters within their "personal knowledge."   Additionally, as lay witnesses, under Federal Rule of Evidence 701, Brimhall and Jones will only be allowed to give opinions that are "rationally based on [their] perception[,]" that are "helpful to clearly understanding the witness's testimony or to determining a fact in issue[,]" and that are "not based on scientific, technical, or other specialized knowledge."   As these are the rules and Defendants do not contest their applicability, Prejean's alternative motion to limit these witnesses to offering fact and lay testimony is GRANTED.

MONROE, LOUISIANA this 17th day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE